CARIBOU OIL MINING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18474.    Promulgated March 15, 1927.

The letter appealed from was not a notice of a final determination of a deficiency by the Commissioner and does not form the basis for an appeal to the Board.    The Board is without jurisdiction in the premises.    Section 283 (k) of the Revenue Act of 1926 continues the procedure outlined in the Revenue Act of 1924 with respect to appeals following jeopardy assessments made under the provisions of the Revenue Act of 1924.

*Maxwell E. McDowell, Esq.,* for the respondent.

This proceeding was heard on the motion of the respondent to dismiss for lack of jurisdiction in the Board to hear and determine the appeal, on the ground that the Commissioner's letter of May 14, 1926, which is alleged as the basis of the appeal, is not a deficiency letter from which an appeal to this Board will lie under section 274 (a) of the Revenue Act of 1926.

### FINDINGS OF FACT.

On or about May 14, 1920, petitioner filed with the collector of internal revenue for the first district of California an income and

profits-tax return for the calendar year 1919, showing a total tax liability thereon of $50,503.33.

On December 17, 1924, petitioner executed a claim for refund of 1919 income and profits taxes in the amount of $11,147.70. This claim was based upon the ground that the existence, during the year 1919, of certain abnormalities affecting its net income for that year entitled it to have its profits-tax liability determined under the provisions of sections 327 (d) and 328 of the Revenue Act of 1918. This claim was not filed with the collector until a later date.

On February 26, 1925, the Commissioner, by a so-called 30-day letter bearing that date, notified the petitioner of a deficiency in income and profits taxes for the year 1919 in the amount of $44,051.48.

On March 10, 1925, petitioner filed with the collector the claim for refund of 1919 income and profits taxes in the amount of $11,147.70, which it had executed on December 17, 1924. This claim was recorded in the Claims Control Section of the Income Tax Unit on April 10, 1925.

On March 14, 1925, Commissioner addressed a further communication to the petitioner in respect of the deficiency of $44,051.48 found due for the year 1919, which contained the following statement:

It is deemed practicable to close your return for the year 1919 prior to the final decision relative to your application for relief under section 210 for the year 1917. Any adjustment of your tax liability for the year 1919 resulting from an adjustment of your 1917 tax liability will be made when such determination is reached.

This letter supersedes letter dated February 26, 1925, because of the impending expiration of the Statute of Limitation.

On or about March 14, 1925, the Commissioner, pursuant to the provisions of section 274 (d) of the Revenue Act of 1924, made a jeopardy assessment of $44,051.48, on a special March, 1925, list.

On March 18, 1925, petitioner replied to the 30-day letter of February 26, 1925, protesting against the assertion of the deficiency of $44,051.48, and the adjustments of net income and invested capital upon which such deficiency was based; and making application to have its profits-tax liability for the year 1919 determined under the provisions of section 328 of the Revenue Act of 1918.

On March 24, 1925, the collector gave notice and made demand upon the petitioner for the payment of the deficiency to which the jeopardy assessment related. The petitioner did not make payment; nor did it, within 10 days from the date of the collector's notice and demand, file a claim for abatement of the deficiency, or any part thereof, accompanied by proper bond, as provided for by section 279 (a) of the Revenue Act of 1924.

On or about April 2, 1925, and prior to the expiration of the 10-day period from the date of the collector's notice and demand, the Commissioner, by telegraph, advised, instructed, requested or suggested to the collector that collection of the deficiency be withheld.

On March 12, 1926, the Commissioner addressed to the petitioner a letter which reads as follows:

CARIBOU OIL MINING COMPANY,
         *215 Market Street,*
           *San Francisco, California.*

SIRS: Reference is made to your corporation income and profits tax return for the calendar year 1919.

You are advised that after careful consideration and review, your application under the provisions of section 327 for assessment of your profits tax as prescribed by section 328 of the Revenue Act of 1918, has been allowed. Your profits tax is based upon a comparison with a group of representative concerns which in the aggregate may be said to be engaged in a like or similar trade or business to that of your company.

The result of the audit under the above mentioned provisions is as follows:

### Net Income

| | | |
|---|---|---|
| Net income, Bureau letter dated March 14, 1925 | | $214,988.73 |

### Computation of Tax

| | | |
|---|---|---|
| Profits tax, Section 328 | | 66,119.28 |
| Net Income | $214,988.73 | |
| Less: | | |
|     Profits tax | $66,119.28 | |
|     Exemption | 2,000.00 | |
| | | 68,119.28 |
| Amount taxable at 10% | $146,869.45 | |
| | | 14,686.95 |
| Total tax assessable | | 80,806.23 |
| Tax previously assessed: | | |
|     Original assessment, Acct. #403592 | $50,503.33 | |
|     Additional Assessment, March, 1925, Pg. 1, Line 2, | | |
|       Special 9 | 44,051.48 | |
|     Tax previously assessed | | 94,554.81 |
|     Total tax liability | | 80,806.23 |
| Overassessment | | 13,748.58 |

In accordance with the above conclusions, your claim for the refund of $11,147.70 will be allowed in full.

The overassessment shown above will be scheduled at the expiration of thirty days from the date of this letter in the form of a Certificate of Overassessment; which will reach you in due course through the office of the Collector of Internal Revenue for your district and will be applied by that official in accordance with Section 284 (a) of the Revenue Act of 1926.

79705°—28——33

A copy of this letter has been furnished your representative, Mr. Claud I. Parker, 910–912 Investment Building, Washington, D. C., in accordance with the authority conferred upon him by your company.

Respectfully.

C. R. NASH,
*Assistant to the Commissioner.*
By
*Acting Chief of Section.*

On May 14, 1926, the Commissioner addressed a further letter to the petitioner, which reads as follows:

CARIBOU OIL MINING COMPANY,
*215 Market Street,
San Francisco, California.*

SIRS:

Reference is made to your protest dated April 2, 1926, against the result of the allowance of your application for assessment of your profits tax for the calendar year 1919 under the provisions of Section 328 of the Revenue Act of 1918, as set forth in Bureau letter dated March 12, 1926.

After a careful review of your protest and of all of the evidence submitted in support of your contentions, you are advised that the Bureau holds that the profits tax is based upon a comparison with a group of representative concerns which in the aggregate may be said to be engaged in a like or similar trade or business to that of your company.

Accordingly, the conclusions set forth in the above mentioned letter are sustained.

A copy of this communication has been furnished your authorized representative, Mr. Claud I. Parker, 910–912 Investment Building, Washington, D. C.

Respectfully.

C. R. NASH,
*Assistant to the Commissioner.*
By
*Acting Chief of Section.*

Certificate of overassessment No. 774358 was issued on or about May 18, 1926, in the amount of $13,748.58, and was applied by the collector against the deficiency of $44,051.48 to which the jeopardy assessment related, leaving a balance due of $30,302.90.

On June 10, 1926, the collector gave notice and made demand upon the petitioner for the payment of the reduced deficiency of $30,302.90. The petitioner did not make payment; nor did it file a bond with the collector to stay the collection of the deficiency, as provided in section 279 (f) of the Revenue Act of 1926.

On July 12, 1926, petitioner filed an appeal with this Board, alleging as the basis of its petition the Commissioner's letter of May 14, 1926.

### OPINION.

KORNER, *Chairman:* It is apparent that the Commissioner's letter of March 12, 1926, constituted only a voluntary abatement of prior

assessments pursuant to his allowance of special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918. It was not in any sense a rejection in whole or in part of a claim in abatement against such assessment, for no claim in abatement had been, or has since been, filed. The petitioner had protested the jeopardy assessment made in March, 1925, and had applied for special assessment. The letter of March 12, 1926, advised the petitioner of the abatement growing out of the allowance of its application.

The letter of May 14, 1926, was but a reiteration and affirmation of the action theretofore taken of which petitioner had been notified on March 12, 1926. It should be noted that the letter of May 14, 1926, was in no sense an advice of action taken with respect to an abatement claim. It could not have amounted to the determination by the Commissioner of a deficiency, for the reason that no claim in abatement of the outstanding assessment had been filed.

Section 283 (k) of the Revenue Act of 1926 continues the procedure outlined in the Revenue Act of 1924 with respect to appeals following jeopardy assessments made under the provisions of the Revenue Act of 1924. Under that procedure the right of the taxpayer to appeal to the Board is based solely on the final determination by the Commissioner of a deficiency in his rejection of a proper claim in abatement, filed within 10 days of the receipt of the collector's notice and demand for the tax so assessed. Since no such claim was ever filed by this taxpayer, the letter of May 14, 1926, does not constitute such a final determination of deficiency, and no appeal lies to the Board therefrom.

*Motion granted. Proceeding dismissed.*